rlf

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NICOLA A. CUBIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 01-4120-JAR |
| ) | |
| BRYAN CAREER COLLEGE, INC., ) | |
| and DAVID BRYAN, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION TO ALTER OR AMEND**

This matter is before the Court on plaintiff's Motion to Alter or Amend Judgment (Doc. 42). Defendants filed a response (Doc. 43). After consideration of the parties' filings, the Court is prepared to rule. For the following reasons, Plaintiff's motion is denied.

**I.      Background**

This Court issued an order striking Plaintiff's affidavit and granting Defendants' motion for summary judgment (Doc. 40), on January 28, 2003. In that order, this Court found that Plaintiff's affidavit was contradictory to her deposition testimony, without sufficient justification, and struck the affidavit. Further, this Court found that Plaintiff could not overcome Defendants' motion for summary judgment because she could not establish a material issue existed regarding the alleged severe and pervasive harassment, or that Defendants acted with deliberate indifference to her complaints. Subsequently, Plaintiff filed this motion to alter or amend the

order of January 28, 2003. Because the facts were fully set out in the Court's January 28th order, they will not be restated here.

**II.     Standard**

Plaintiff brings her motion under Fed. R. Civ. P. 59(e). Under Fed. R. Civ. P. 59(e), the court may alter or amend an order or judgment on one of three recognized grounds: an intervening change in controlling law, availability of new evidence previously unavailable, or the need to correct clear error or prevent manifest injustice.[1] There has been no change in the controlling law and Plaintiff makes no allegations of new evidence that was unavailable at the time of summary judgment. Thus, the only ground Plaintiff can seek relief under is to correct a clear error or to prevent manifest injustice.

**III.    Discussion**

Plaintiff's motion seeks to reconsider the Court's decisions to grant summary judgment and strike Plaintiff's affidavit. The Court will first consider the decision on Plaintiff's affidavit.

**A.     Plaintiff's Affidavit**

Plaintiff argues that the court should accept all or part of Plaintiff's affidavit because she was nervous and thus did not perform well during her deposition; she was not thoroughly cross examined by her counsel; and that the discrepancies perceived by this Court were not actually contradictory. The Court disagrees with all three assertions.

This Court cannot imagine a party who is not nervous during a deposition. This, in itself,

---

[1] *See Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *Butler v. Boeing Co.*, 175 F. Supp. 2d 1307, 1308 -1309 (D. Kan. 2001) (citing *Major v. Benton,* 647 F.2d 110, 112 (10th Cir. 1981); *Burnett v. Western Resources, Inc.,* 929 F. Supp. 1349, 1360 (D. Kan. 1996)). *See also* D. Kan. R. 7.3(b).

2

is not reason to doubt the testimony given by a party and allow them to change that testimony at a time when they feel more relaxed, such as when attesting to a written affidavit at their counsel's office. Plaintiff's deposition was very thorough as to the incidents with Mr. Funk. The incidents of touching were visited more than once during the examination.

Further, while Plaintiff's counsel did only ask her a handful of questions, Plaintiff was asked about the number of times Mr. Funk touched her repeatedly on direct examination. She was given every opportunity through narrative and through narrow and direct questions to clarify the number of times that Mr. Funk touched her. Plaintiff's affidavit alleged that Mr. Funk touched her three or four times a week during the five week period she attended Math class.[2] Her affidavit also alleges that during another class, Introduction to Computers, Mr. Funk repeatedly touched her.[3] Then, Plaintiff's affidavit alleges that during another course, Q Basic, Mr. Funk touched her again on her arms and shoulders and even tried to hold her hand.[4]

None of these statements are born out by Plaintiff's deposition. In fact, they are completely contradictory to her deposition testimony. Plaintiff may have been nervous during her deposition, but she was given ample opportunity to specifically state how many times Mr. Funk touched her. Plaintiff pinpointed the exact number of times and testified that no other touching occurred after the first five weeks, during Math class. Plaintiff was asked **ten** times during her deposition about the times that Mr. Funk touched her.[5] These questions were not in one

---

[2] Plaintiff's Affidavit, p. 1-2, ¶ 2.

[3] Plaintiff's Affidavit, p. 2, ¶ 4.

[4] Plaintiff's Affidavit, p. 2, ¶ 5.

[5] Plaintiff's Deposition, p. 21, 30, 32, 33, 34, 35, 114.

3

sequence; rather, Plaintiff had opportunities throughout the entire deposition where the topic of touching was revisited and she was asked again about when and how many times Mr. Funk touched her. Plaintiff's testimony was unequivocal - Mr. Funk touched her four times, three times on the shoulder and once on the thigh. She was certain all the touching occurred during the first five weeks of school. In fact, she states "[n]o, he didn't put his hands on me again" when asked whether Mr. Funk ever touched her again after the three times he put his hand on her shoulder. Now Plaintiff wants this Court to believe that her affidavit is not contrary by stating that he touched her three to four times a week throughout the Math class, again throughout the Introduction to Computers class and again during Q Basic.

    These are not "perceived" contradictions as the Plaintiff's motion describes them. They are blatant contradictions. Plaintiff also alleges that other language in the affidavit is not contradictory. This Court is no more persuaded by those arguments than by this one. The decision to strike Plaintiff's affidavit stands.

    **B.**    **Summary Judgment**

    Plaintiff disputes the Court's decision that the alleged harassment did not create a genuine issue regarding the alleged severe, pervasive and objectionably offensive behavior in order to overcome summary judgment. Plaintiff also disagrees with the Court's decision that Defendants did not act with deliberate indifference.

    In considering Defendants' motion for summary judgment, the Court relied on the facts in Plaintiff's deposition, and not the additional facts in her affidavit as the Court granted Defendants' motion to strike the affidavit. Again, this Court has found the affidavit contrary to the deposition testimony, without adequate reason, and will only consider the facts in Plaintiff's

4

deposition.

Plaintiff may not seek a reconsideration by simply rehashing arguments already made in the original motion. That is exactly what Plaintiff does here. She offers no new evidence and even states that she must not have focused heavily enough on arguing to overcome Defendants' motion for summary judgment; instead, she focused too heavily on the issue of res judicata. This is not a legal justification for reconsideration. Plaintiff had every opportunity to argue the facts of her case in her response to Defendants' motion for summary judgment. She chose to place the bulk of her argument in the res judicata issues and she cannot get a second bite of the apple now. However, even a more thorough argument of the facts supporting her case would not have overcome Defendants' motion.

The sum of Plaintiff's allegations are the four instances of touching, the four demands by Mr. Funk for Plaintiff to sit by him, Mr. Funk sitting near and staring at Plaintiff, Mr. Funk following Plaintiff outside on 8-10 occasions to smoke, Mr. Funk inviting Plaintiff to a bar, and Mr. Funk asking three times to come to Plaintiff's house to fix her computer. Plaintiff argues that these instances, which she estimates are seventeen separate incidents of harassment, amount to conduct that is severe, pervasive and objectionably offensive enough to create a question of fact to overcome summary judgment. This Court disagrees.

Plaintiff cites to several decisions to argue that a few instances of touching can amount to enough to overcome summary judgment. The actionable conduct in those cases, however, is not comparable to the complained of conduct in this case. Plaintiff is right that she need not suffer the "worst situation imaginable" to get relief; however, that does not relieve her of the burden of

5

severe and pervasive. Plaintiff cites to *Rene v. MGM Grand Hotel, Inc*[6] for the proposition that physical touching in a harassment case is more serious in nature. There is no question that statement is true. But sometimes it is not the number of incidents that makes the conduct more serious; rather, it is the nature of those instances. In *Rene*, the plaintiff was sexually harassed by co-workers. The harassment included unwanted touching, such as touching that involved being caressed by other men as if they were touching a woman, as well as numerous instances where co-workers grabbed his crotch or poked him in the anus through his clothing. It was the nature of the physical conduct in *Rene* that made it more serious and overcame the severe and pervasive standard.

While Plaintiff's allegations do not need to be as severe as the plaintiff in *Rene*, there must be a material question as to whether they were severe, pervasive and objectionably offensive. Plaintiff was touched four times - three on the shoulder and once on the thigh - for a matter of seconds over a five week period. This is not enough to create a material issue as to whether the alleged harassment was severe and pervasive. The additional incidents do not add much support to the touching where most of them involve instances of "staring" at Plaintiff in or outside the classroom. The Court simply does not find any material question about whether Mr. Funk's conduct was so objectively severe and pervasive to create a hostile environment; it simply was not. Plaintiff goes on to argue that even verbal harassment can be sufficient. That is correct; however, there is not enough verbal harassment to weigh in Plaintiff's favor in this case.

As to the Defendants' alleged deliberate indifference, Plaintiff cites to numerous cases where other actions were taken to remedy harassment. Again, as this Court stated in its order

---

[6]305 F. 1061 (10th Cir. 2002).

granting summary judgment, Plaintiff did not get to choose Defendants' remedy. Defendants' remedy would only be insufficient if it were "clearly unreasonable in light of the known circumstances."[7]

After Plaintiff filed her complaint with Defendants, they discussed the problem with Mr. Funk and advised him to leave Plaintiff alone. They also alerted Plaintiff's teachers and changed the break schedule to avoid Mr. Funk and Plaintiff from being on break together. This was all done in the first week that classes resumed, between August 2nd and 5th, after Plaintiff filed her complaint. Plaintiff does not report any additional problems with Mr. Funk after August 11th and she then withdrew from classes on August 26th. Defendants' actions were not clearly unreasonable, considering all the circumstances.

Plaintiff cites to several cases where the defendants either took more extensive steps than these Defendants or were found to have acted unreasonably. Unfortunately, those cases involve primary schools or even special education students. The actions that a college needs to take to remedy harassment are different than those that a school might need to take to protect a young child or a disabled person. In support of her argument, Plaintiff emphasizes language from *Wills v. Brown University*[8]: "Of course, if it learns that its measures have proved inadequate, it may be required to take further steps to avoid new liability."[9] This emphasis is misplaced. Defendants took action between August 2nd and 5th. After August 11th, nothing occurred between Mr. Funk and Plaintiff. Even between August 5th and 11th, the only instances complained of

---

[7] *Davis v. Monroe County Board of Education*, 526 U.S. 629, 648 (1999).

[8] 184 F.3d 20 (1st Cir. 1999).

[9] *Id.* at 25.

7

involved "staring." There was no need for Defendants to take further action when the conduct ceased.

There has been no clear error of law in this case and no manifest injustice. The conduct Plaintiff complained of did not create a genuine issue as to whether it was severe, pervasive or objectionably offensive, and Defendants were not deliberately indifferent.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Alter or Amend Judgment is denied.

**IT IS SO ORDERED.**

Dated this   23rd   day of April, 2003.

    S/   Julie A. Robinson
**Julie A. Robinson**
**United States District Judge**